## A. S. PALMERLEE v. G. W. NOTTAGE and Another.[1]

November 15, 1912.

Nos. 17,726—(51).

**Libel against public officer.**

A publication which charges by way of insinuations and comparisons that cause exists for the removal of a public official, because of favoritism, nepotism, and malfeasance in office, is libelous per se.

[1] Reported in 138 N. W. 312.

Same.

> An article stating that it is easy to work the county commissioners *held* actionable; for the word "work," in the connection and manner in which it appears in the publication, conveys a reflection upon the competency and integrity of the officials.

Action in the district court for Dodge county to recover $4,000 for libel. From an order, Childress, J., overruling their demurrers to the complaint, defendants appealed. Affirmed.

*Lord & Ronken,* for appellants.

*S. L. Pierce,* for respondent.

HOLT, J.

The defendants own and publish a newspaper in Dodge county. In 1911 plaintiff was a member of the board of county commissioners. During the year there was an agitation to change the location of the county seat, and special election for that purpose was to be had on July 11. On June 29, 1911, the defendants published in their paper the article hereinafter referred to. Plaintiff brought this suit for libel, setting out two causes of action. Defendants demurred to each separately, and from the order overruling the demurrers this appeal is taken.

The article serving as the basis for the first cause of action is as follows:

> "Do you know that on Friday, June 23, last, a petition was filed with Governor Eberhart asking for the removal of five of Hennepin county's commissioners from office? If not, we refer you to the Twin City papers of above date. The charge against these commissioners is 'favoritism, nepotism and malfeasance in office.' Do you realize that any taxpayer of Dodge county can bring a similar petition and use the identical claim that Hennepin county is using?"

We have no hesitancy in holding that the court rightly overruled the demurrer to this cause of action. The article conveys the thought that the county commissioners had been guilty of malfeasance in office. There is no occasion to initiate steps for the removal of a

commissioner unless there has been official misconduct. A charge need not be made directly—indeed, the venom and sting of an accusation is usually more effective when made by insinuations. The floating calumny which each reader may affix to any and every official act which his aroused suspicion may lay hold of is capable of inflicting graver injury and injustice than a direct, specific charge, which may be squarely met and refuted, if untrue. The contention that the article is a legitimate criticism cannot be adopted, for no act of the commissioners is referred to. Calling names is not criticism.

As to the second cause of action, the complaint contains allegations that a committee called the "Press Committee" had been appointed to write newspaper articles favorable to removal of the county seat, and then avers that in an article in their paper of June 29, 1911, entitled: "Four-year-old Tommy Jones to His Teacher," the defendants publish the false and defamatory matter of and concerning plaintiff:

"Teacher—What was it created for?" (Meaning what was the said Press Committee created for.)

"Tommy—To bamboozle de people, work de county commissioners (dat is easy enough)."

It is to be noticed that an effort is made in the characters selected, the spelling and language used, to ridicule and reproach. Ability to work usually designates a good and redeeming quality in man. To say of a person that he is easily worked is applied generally in a disparaging sense. And in the language of the street or in such use of expression as here employed, to "work" a public official means to obtain from him something which the law does not permit. One definition in the Century Dictionary of "to work" is: "To manage or turn to some particular course or way of thinking or acting by insidious means." A public official who can be worked is commonly understood to be one who is either so incompetent as to be easily led away from the path of duty by the designing, or one who, for a consideration, would so depart.

The one doubt which may be suggested against the complaint on

119 M.—23.

the second cause of action is that the county commissioners cannot act, except as a body; therefore to work the board one needs only work the majority; hence the minority is not touched by the accusation. . But the charge is not made against the board as such, and the complaint alleges that the language was used of and concerning plaintiff. In alleging a cause of action for libel in this state (R. L. 1905, § 4152), "it shall be sufficient, instead of stating extrinsic facts. showing the application to plaintiff of the defamatory matter complained of, to allege, generally, that the same was published or spoken concerning the plaintiff; and if such allegation is controverted, the plaintiff is bound to establish on the trial that it was so published or spoken." We think this complaint comes within the rule of Petsch v. Dispatch Printing Co. 40 Minn. 291, 41 N. W. 1034. See, also, a case in point, Wofford v. Meeks, 129 Ala. 349, 30 South. 625, 55 L.R.A. 214, 87 Am. St. 66, where a member of the commissioners' court (county commissioners) brought an action for libel, and it was urged against his right to maintain it that he was not named in the libel, and he may have voted against the making of the contracts charged to have been fraudulently made, "and therefore he is not, and cannot be, referred to in the publication. This proposition might be tenable, if the complaint admitted the making of the contracts charged to have been corruptly entered into by the publication. But it is absolutely without merit in the face of the averment that the entire publication is 'false, untruthful, scandalous, malicious, and defamatory;' and especially is this true where the defendants, by their motion to strike the substantial allegations of the complaint, confess the truth of every material averment thereof."

The order appealed from is affirmed.