15302

YEOMANS v. ANHEUSER-BUSCH, INC.

(15 S. E. (2d), 833)

*Messrs. Wise & Whaley,* of Columbia, for appellant,

*Messrs. Norwood & Walker,* of Greenville, for respondent,

Counsel for appellants,

July 28, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE CARTER:

The respondent has been in the employ of the appellant, Anheuser-Busch, Inc., since 1932, and·in South Carolina since 1936. He was injured in August, 1939, in an automobile accident which is alleged to have occurred in the course of his employment, and filed claim for compensation with the Industrial Commission. It held that it was without jurisdiction to make an award, but on appeal to the Court of Common Pleas, his Honor, Judge Oxner, reversed this ruling and remanded the proceeding to the commission for its usual hearing and award upon the merits; from the latter

order this appeal has been prosecuted upon numerous exceptions which have been reduced to three questions in the brief of appellants.

It appears that the employer which does business in many states had in South Carolina at the time of the accident only two persons in its employ and of them only respondent lived in the State. So Section 14(b) of the Act is applicable, that the terms of the Act should not apply to the employer because it had less than fifteen employees unless there be a voluntary election as provided in Section 5(b). The latter section, in effective part, is as follows: "Any person, firm or corporation employing employees in the State of South Carolina and exempted from the mandatory provisions of this Act may come in under the terms of this Act and receive the benefits hereof and be subject to liabilities hereof by filing with the Industrial Commission a written notice of their desire to be subject to the terms and provisions of this Act."

Section 67 of the Act requires "every employer who accepts the provisions" to insure his liability thereunder or establish his ability as a self-insurer and Section 68 requires the filing of evidence of compliance therewith.

Some months prior to the accident, and effective during the period including the time of the latter, there was filed with an agency of the commission a notice that the employer had procured a policy of insurance from the carrier, the appellant Employers' Liability Assurance Corporation Ltd., entitled "Standard Workmen's Compensation and Employers' Liability Policy" and endorsed to the effect that it was applicable and in force in South Carolina under the terms of our Compensation Act, and containing provisions in compliance with Section 71 of the Act making it a direct obligation from the carrier to the respondent employee. Thereupon two copies of a form letter (with explanation that the second copy was for the carrier) were forwarded by the commission to the employer whereby receipt was acknowledged of the proof of insurance and that it had been filed, reciting the policy number, assigning code numbers to the

employer and carrier and instructing with respect to the report of accident, etc. There was no evidence of reply to this letter or other action thereabout, although it was stamped as received by the employer on April 13, 1939.

The hearing commissioner and the commission held that it lacked jurisdiction for failure of compliance by the employer with Section 5(b), quoted above, that it had not filed with the commission written notice of its desire to be subject to the Act. On appeal the Court held otherwise, that the obtaining of the compensation insurance and the filing of the notice thereof with the commission, with the other facts in evidence, were substantial compliance with the Act and sufficiently evidenced the election by the employer to voluntarily come within its terms; and that in the absence of any evidence as to whether the employee had been notified of such election it would be presumed that the employer had complied with the law and notified the employee.

Appellant's two first questions may be combined for consideration; they challenge the correctness of the Court in holding that the procuring and filing of the insurance was sufficient notice of the election of the employer and of its desire to become subject to the terms of the compensation law. In addition to the facts above mentioned, there is in the record only the testimony by deposition taken in St. Louis of the insurance manager of the employer who testified as to the number of employees in South Carolina and that their "salary and wages are allocated to the State of South Carolina for the computation of Workmen's Compensation insurance premiums."

There was no testimony from him except proper inferences from his evidence just quoted, or any other witness as to the intention and desire of the employer with respect to election to come within the terms of the compensation law. Thus we have a record which contains evidence all one way (except the bald failure of the employer to file formal notice under 5(b)), tending to establish that the employer did desire to become subject to the Act. Incidentally, it was re-

counted in the order below that counsel were agreed that in this case, involving the jurisdiction of the commission the findings of the latter are subject to review by the Courts.

Upon careful consideration of the problem, we find no error in the Court's disposition of appellants' questions under consideration. We think it was properly held that the employer sufficiently complied with the law whereby it voluntarily subjected itself to its terms. Able counsel for both appellants and respondent have cited numerous decisions from other jurisdictions, all of which were decided under statutes more or less different from ours, and naturally reaching different results. As was recently said by this Court, speaking through the Chief Justice (*Dawson v. Southern Railway Company*, 196 S. C., 34, 11 S. E. (2d), 453), after the consideration of such cases we must come back to the wording of our statute in order to properly interpret it. We note that in some of the states voluntary submission to the terms of their Compensation Acts can be accomplished only by joint action on the part of employers and employees, not required under Section 5(b) of our Act, and on the other hand the Acts of some of the states contain express provisions that the procurement of insurance policies such as that involved in this case is conclusive evidence of voluntary submission.

In 71 C. J., at page 519, we find the following statement: "Where the Statute does not prescribe a particular form of notice from an employer to be filed with the proper officer of an intention to come within the Act, such notice need not be in any precise or technical form, and the employer may be bound, although he fails to file formal notice of election."

This was also held in the case of *Miller v. Aetna Life Insurance Company*, 101 Mont., 212, 53 P. (2d), 704, 708. The Act in that case was as follows: "Any employer electing to become subject to and bound by compensation plan No. 2 shall file with the Board written acceptance of the provisions of compensation plan No. 2."

In speaking of the foregoing statutory provisions, the Court said: "We are in no doubt that the legislative intent was to protect the employee and that the Legislature had no intention of incorporating in the act any provision that might be construed to defeat such intent."

It was further held in that case that the deposit of a compensation insurance policy with the Industrial Board was notice to the board that such corporation desired to enroll under the Act.

Although the point is not included directly in appellants' questions, we have considered the fact that there is no evidence of notice by the employer to the employee of the former's election. We agree with the trial Judge that if it was not given, default of the employer cannot be taken advantage of by the latter and his carrier to defeat the claim of an employee. From a silent record it will be presumed that the employer complied with the law and notified the employee of the election. In this connection it was said in *Ham v. Mullins Lumber Co.,* 193 S. C., 66, 7 S. E. (2d), 712, 722: "However, even if it were true that such notice was not given, defendants could not plead as a defense to the claim of decedent's heirs after his death their own failure to perform their duty to him under the law."

The following is quoted with approval from the order on circuit:

"In the case of *Ham v. Mullins Lumber Co., supra,* in speaking of election by the employee, the Court quoted the following with approval:

" 'In general under perhaps the majority of the elective compensation Acts, the election on the part of the employee is a negative one, that is, after the employer has elected to come within the Act the employee automatically comes under its operation, unless he gives statutory notice that he will not be bound by it, and this rule is applicable where the employer elects to make the Act applicable to employees not otherwise subject to the Act.' 71 C. J.

"The Court further said:

" 'It might be said aptly that in giving written notice to the Commission the employer acts both for himself and for the employee.'

"The Court further held that when the employer elected to make itself subject to the Act it should give notice thereof to the employee. It was further held (on page 88 [of 193 S. C., 7 S. E. (2d), 712]) that if such notice was not given by the employer to the employee, the employer and carrier could not plead as a defense 'their failure to perform their duty to him under the law.'

"While the record is silent as to notice to the employee and his knowledge of this insurance, I think it would be presumed, in the absence of any evidence to the contrary, that the employer did his duty and gave notice to the employee. This insurance was procured seven or eight months before claimant sustained his injury and if the foregoing presumption is sound, the employee acquiesced in his employer's election for a period of six or eight months which would under the *Ham case,* result in both being bound by the terms of the Act."

It was also said in the last-mentioned decision of this Court, the *Ham case,* that the basic purpose of the Compensation Act is the inclusion of employers and employees, and not their exclusion; and we add that doubts of jurisdiction must be resolved in favor of inclusion rather than exclusion.

Appellants' third and final question charges the Court with error in finding that the carrier is estopped by reason of its receipt of the premiums upon the policy of insurance and in fixing the same by reference to respondent's wages. In our opinion the decision need not be rested upon the ground of estoppel for in our view, above expressed, there has been an election and substantial compliance with the Act so that the commission has jurisdiction to make an award without reference to the just principles of estoppel which will not, therefore, be discussed or considered.

The judgment of the Circuit Court is affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES concur.

MR. CHIEF JUSTICE BONHAM and MR. ASSOCIATE JUSTICE BAKER dissent.

MR. CHIEF JUSTICE BONHAM (dissenting) :

The respondent has been in the employ of Anheuser-Busch, Inc., in the State of South Carolina, for several years. He filed with the South Carolina Industrial Commission a claim, seeking to recover compensation benefits from appellants on account of an accident sustained by him August 12, 1939. The appellant, Employers' Liability Assurance Corporation, Ltd., had issued to the employer, Anheuser-Busch, Inc., a "Standard Workmen's Compensation and Employers' Liability Policy" of insurance with endorsements thereon, making it applicable to a number of states, including South Carolina, which policy also indemnified the employer against common-law liability. The employer did not have as many as fifteen employees engaged in its business in South Carolina at that time.

The appellants contended that the South Carolina Industrial Commission did not have jurisdiction of the case for the reason that the employer and the employees were exempted from the operation of the Workmen's Compensation Act by Section 14(b) thereof, as there were less than fifteen employees, and no notice of election to voluntarily accept the terms of said Act had been filed by either the employer or the employees.

The matter was heard by Commissioner John W. Duncan, who rendered an opinion denying the claim on the grounds that the commission did not have jurisdiction. The claimant appealed to the full commission to review this decision, which appeal for review was granted. The full commission reviewed and affirmed the decision of Commissioner Duncan. Thereupon the case was appealed to the Court of Common Pleas. In due time Judge Oxner filed an order re-

versing the findings and conclusions of the Industrial Commission, and remanded the case to the commission to pass upon the merits thereof. The appeal to this Court is from that order.

We shall not attempt to pass upon the various exceptions. In our judgment, the one question which determines the appeal is: Has the Industrial Commission jurisdiction of this matter?

The respondent contended, and the trial Judge holds, that the employer and the employees were subject to the Workmen's Compensation Act, and had submitted themselves to the jurisdiction of the Industrial Commission. The Court held that the procurement of the policy of workmen's compensation insurance, and certain other acts of appellants, manifested an election to adopt the Act, which estopped them from denying the jurisdiction of the commission. We cannot concur in this view.

Section 5(b) of the Act provides: "Any person, firm or corporation employing employees in the State of South Carolina and exempted from the mandatory provisions of this Act may come in under the terms of this Act and receive the benefits hereof and be subject to liabilities hereof *by filing with the Industrial Commission a written notice of their desire to be subject to the terms and provisions of this act.* * * *" (Italics added.)

It is conceded that the appellant did not have in its employ at the time of the accident to the respondent as many as fifteen employees. And it is conceded that the employer, Anheuser-Busch, Inc., has not filed with the Industrial Commission the written notice required by Section 5(b) of the Act.

We know of no other way by which the said employer can become subject to the terms and provisions of the Act so as to be entitled to its benefits and subject to its liabilities.

The Circuit Judge in his order relies largely upon the opinion of this Court in the case of *Ham v. Mullins Lumber Company*, 193 S. C., 66, 7 S. E. (2d), 712.

We do not think that case sustains his views. There, the employer had given the written notice to the Industrial Commission to bring it within its jurisdiction, and notice thereof had been given to its employees.

The judgment of the Circuit Court should be reversed, and the findings and conclusions of the Industrial Commission affirmed.

· MR. ASSOCIATE JUSTICE BAKER concurs.