## 16174

SAMUEL v. APPLETON CO. *ET AL.*

(51 S. E. (2d) 508)

*Mr. R. L. Ballentine,* of Anderson, *for Appellant,*

*Mr. Stephen Nettles,* of Greenville, *for Respondents,*

January 26, 1949.

OXNER, Justice:

This is a proceeding under the Workmen's Compensation Act and the only question which we need determine is whether the claim is barred by the following limitation contained in Section 7035-27 of the Code of 1942: "The right to compensation under this article shall be forever barred unless a claim is filed with the Industrial Commission within one year after the accident, * * *".

Claimant contends that on January 11, 1946 while pushing a wheelbarrow loaded with coal up a cement gangway which was wet, he slipped and fell. He was immediately taken to the hospital where he was found to be in a semi-conscious condition. His blood pressure was very high and his face and right side were paralyzed. The diagnosis was "cerebral hemorrhage and paralysis". After remaining in the hospital for several days, claimant was carried home to convalesce, He never returned to work. The testimony offered by him tended to show that his condition was caused by the fall,

while that of the employer and carrier was to the effect that he fell as the result of a stroke.

An investigator for the carrier testified that she went to the claimant's home on February 5, 1946 for the purpose of determining the cause of his disability and after talking to him, wrote out the substance of what he had told her. According to her testimony, this statement was read over to claimant who then signed it by making his mark in the presence of a witness. In this statement the claimant gave the following version of the occurrence of January 11th: "I did not feel sick at all when I went to work at seven o'clock that morning and I was doing my work and felt fine until suddenly I just turned sick and my right leg started giving away, and I just sat down." Claimant denied making this statement and, in fact, contended that this investigator had never called at his home.

Thereafter on February 7, 1946, the district claim manager of the carrier wrote a letter to the Industrial Commission stating that the carrier was of the opinion that claimant did not sustain an injury by accident and, therefore, denied liability. On February 11, 1946, the Industrial Commission mailed to claimant a letter known as Form A, informing him that the carrier had denied liability and further stating: "For your information we are enclosing copy of the Commission's Bulletin which explains the facts and circumstances under which compensation is payable. Please read this carefully and if you decide you are entitled to compensation, it is your privilege to write the Industrial Commission asking for a form, Request that Claim be Assigned for a Hearing. * * *"

Claimant denied receiving the above letter, although the Secretary of the Commission certified that the envelope contained a proper return address and, according to the records of the Commission, the letter had never been returned. The first indication that claimant intended to claim compensation was on March 29, 1947, nearly fifteen months after the

alleged accident, when he wrote the Industrial Commission stating that he sustained an accident at the mill on January 11th for which he was entitled to be compensated. Claimant testified that he knew nothing of his right to compensation until a friend discussed the matter with him shortly before he wrote the letter of March 29th.

The Industrial Commission found that the claimant sustained an injury by accident arising out of and in the course of his employment and awarded him compensation. The Commission held that the employer failed to post and keep posted the notice required by Rule 7 which was "tantamount to fraud upon the claimant, whether intentional or unintentional on the part of" the employer, and that under these circumstances the employer and carrier were not entitled to claim the benefit of the one year statutory limitation. Upon appeal to the Circuit Court, the award was reversed, the Court holding that the failure to post the notice required by Rule 7 would not preclude the carrier from invoking the bar of the statute.

Rule 7 of the Industrial Commission provides that every employer operating under the Act shall post publicly and keep posted in his place of business a notice, upon substantial cardboard, to the effect that he is operating under and subject to the Workmen's Compensation Act of South Carolina. The employer is further required to set forth in said notice certain information with reference to the necessity of immediately notifying the employer in case of accidental injury or death to an employee and of filing claim for compensation with the Industrial Commission within one year from the date of the accident.

Although the testimony offered by claimant relating to the failure of the employer to comply with the foregoing rule is not very strong, we think the evidence is sufficient to support the conclusion reached by the Commission that the employer had failed to post the notice required by Rule 7. There was also some testimony tending to show that the claimant is

an illiterate Negro who was ignorant of the benefits given to employees under the Act and the requirements necessary to obtain compensation, but the fact that he may have been unaware of the requirement as to filing a claim within one year does not excuse his failure to make timely claim. He is constructively charged with such knowledge. *Young v. Sonoco Products Co. et al.,* 210 S. C. 146, 41 S. E. (2d) 860. It is true that the statutory limitation under consideration may be waived by the employer and carrier or the circumstances may be such as to estop them from taking advantage of the employee's failure to formally file a claim within one year after the accident. *Young v. Sonoco Products Co. et al., supra; Lowther v. Standard Oil Co. of New Jersey,* 206 S. C. 286, 33 S. E. (2d) 889. But the claimant in the case before us does not contend that the employer did anything after the alleged accident to mislead him or cause him to withhold or postpone filing his claim. There is no evidence whatsoever tending to establish either estoppel or waiver.

The question before us is, therefore, narrowed to this: Does the failure of an employer to comply with Rule 7 have the legal effect of excusing his employees from filing claims for compensation within one year after the accident? The rules of the Commission contain no such provision. We, therefore, need not determine the question discussed in the briefs as to whether the commission is empowered to promulgate a rule having that effect. The Act imposes no such condition. It is stated in 71 C. J., page 1022, that no exceptions "to the requirement of the act in respect of a timely filing of a claim or excuses for non-compliance therewith may be invoked other than those provided for in the act." The language used in the one year limitation under consideration is plain and unambiguous. We are not at liberty by judicial construction to add to or amend this section so as to excuse an employee from complying with this mandatory requirement if his employer neglects to post the notice required by Rule 7. The judgment below must be upheld.

162

*Edge v. Dunean Mills et al.,* 202 S. C. 189, 24 S. E. (2d) 268; *Burnhart v. Dunean Mills et al.,* S. C., 1949, 51 S. E. (2d) 377.

Affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, J J., concur.