16660

HERRING v. LAWRENCE WAREHOUSE CO.

(72 S. E. (2d) 453)

*Messrs. Irvine F. Belser, Irvine F. Belser, Jr.,* and *Walter J. Bristow, Jr.,* of Columbia, *for Appellant,*

230

*Messrs. Wise, Whaley and McCutchen,* of Columbia, *for Respondent,*

Messrs. *Irvine F. Belser, Irvine F. Belser, Jr.,* and *Walter J. Bristow, Jr.,* all of Columbia, *for Appellant, in reply,*

August 19, 1952.

On Petition for Rehearing

September 26, 1952.

FISHBURNE, Justice.

The appellant was employed as warehouse manager by the respondent in the City of Columbia, and as such it was his special duty to have the custody and control of certain farm machinery and other property. He was discharged on or about September 30, 1947. Following his discharge, he served an amended complaint containing two causes of action: (1) That the respondent had libeled and slandered him by written communications and by oral charges as being

"short" with reference to certain farm machinery which had been entrusted to his care; and (2) That the respondent through its agent, Mr. Payne, had committed an assault and battery upon him at the time of his dismissal by grasping his arm in an angry manner when demanding the keys to the warehouse in which the machinery had been kept.

To the first cause of action the respondent pleaded (1) a general denial, and (2) qualified privilege. A third defense was set up. As to this defense, respondent construes it as being one of justification, and the defendant as merely mitigation. The answer also alleged two defenses to the second cause of action (assault and battery): (1) a general denial, and (2) the plea that the cause of action came exclusively within the terms of the South Carolina Workmen's Compensation Act.

Numerous exceptions have been filed by appellant assigning error to the trial court in the instructions given to the jury. In his initial charge to the jury, the trial judge charged:

"The plaintiff must satisfy the jury by the greater weight of the evidence that such statement was false. If the statement was true, why the case falls down. He must prove that the statement was false."

Several times during the remainder of the charge, the trial judge instructed the jury to the same effect, that is, to establish a case of libel and slander, the plaintiff must prove that the statement was false.

The record shows that Mr. Payne, who was employed by respondent as auditor, had made an inventory of the machinery in respondent's warehouse, and immediately after so doing summoned appellant and accused him of being short three mowers and one harrow. This accusation was repeated more than once in the presence of various persons, and was followed immediately, as stated, by appellant's discharge and the demand for the warehouse keys. Payne not only directly charged appellant with this shortage in the machinery which

had been entrusted to his care as warehouse manager, but at the same time, he told other persons that he had made an audit and that the shortage as claimed existed. He repeated, "Mr. Herring is short."

It is well settled in South Carolina that statements which are actionable *per se* are presumed false. *White v. Southern Oil Stores,* 198 S. C. 173, 17 S. E. (2d) 150; *Lily v. Belk's Department Store,* 178 S. C. 278, 182 S. E. 889.

Appellant contends that the defamatory statements uttered by respondent's agent, Mr. Payne, were slanderous *per se,* and for this reason no burden was cast upon appellant to prove their falsity. Respondent on the other hand, argues that the words are susceptible of two meanings: one, actionable *per se*; the other innocent.

We stated in *Smith v. Smith,* 194 S. C. 247, 9 S. E. (2d) 584, 589:

"If words are susceptible of two meanings, one imputing a crime, and the other innocence, the latter is not to be adopted, and the other rejected, as a matter of course. In such a case, it must be left to the jury to decide in what sense defendant used them. Their conclusion must be formed from the whole of the circumstances attending the publication, including the sense in which the witnesses understood the words."

The Court went on to say in the *Smith case:*

"The rule for which appellant contends is applicable where the meaning of the words used are doubtful and ambiguous and are susceptible of two meanings. In the case at bar, the words are plain and unambiguous, and the principle announced in *Milam v. Railway Express Agency,* 185 S. C. 194, 193 S. E. 324, 113 A.L.R. 667, applies." *Williamson v. Askin & Marine Co.,* 138 S. C. 47, 136 S. E. 21.

In our opinion, the defamatory remarks made by Mr. Payne concerning appellant are unambiguous, and actionable *per se.*

When considered in connection with the fact that appellant was immediately discharged and the keys of the warehouse demanded, it is clear that appellant was charged with the commission of a crime. Since such statements were slanderous *per se* and therefore presumed false, there was no burden upon the appellant in the first instance to prove their falsity. Appellant had the right to rely on the legal presumption of the falsity of the defamatory matter until such presumption was overcome by testimony. *White v. Southern Oil Stores,* 198 S. C. 173, 17 S. E. (2d) 150; *Pierce v. Inter-Ocean Casualty Co.,* 148 S. C. 8, 145 S. E. 541.

It is conceded by respondent that a plaintiff had the right to rely on the falsity of the alleged slanderous words, but such right exists only until evidence is presented to rebut such presumption, and such presumption is rebutted by evidence of qualified privilege. However, even where the defenses of qualified privilege and justification are pleaded, the burden of establishing such defenses rests upon the respondent.

As shown, the trial judge in charging the jury, placed upon appellant, this initial burden of proving that the alleged slanderous statements were false. In our opinion, this constituted prejudicial error.

We will not unduly lengthen this opinion by passing upon the exceptions assigning error to other portions of the charge given to the jury. It is unlikely that these questions will arise in another trial.

Respondent seeks to support the judgment in its favor upon several additional sustaining grounds. It is first argued that the trial court should have granted the motions made by the respondent for a nonsuit and directed verdict as to the first cause of action,—that is, libel and slander.

In the Transcript of Record, this statement is contained in the "Agreed Statement": "At this trial, both plaintiff and defendant offered considerable evi-

dence in support of the allegations contained in their pleadings."

We have given the most careful consideration to the testimony in this case—which is voluminous—, and we find no error in the action of the court in overruling the motions above referred to. There was ample evidence to go to the jury on all of the issues raised, including the defenses of qualified privilege and justification, which evidence, of course, must be viewed in the light most favorable to the appellant.

It is next argued by respondent that the Workmen's Compensation Act is the exclusive remedy of appellant under the allegations and proof of assault and battery as set forth by the second cause of action in the complaint. This issue is raised under respondent's additional sustaining grounds. When the motion for directed verdict was made upon the ground stated, it was denied by the trial judge, who held that appellant had the right to bring his common law action.

The Workmen's Compensation Act of South Carolina, original Section 11, now Code Section 7035-11, provides in part:

"The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this article respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employees * * * as against employer at common law, or otherwise, on account of such injury, loss of service, or death * * *."

Respondent was presumptively excluded from the provisions of the Act; it had only two employees in South Carolina, and thus came within the terms of Section 7035-16 (b) of the Act, which states that this article shall not apply "* * * to any person that has regularly employed in service less than fifteen employees in the same business within this State."

Respondent, as shown by the record, elected to come under the provisions of the Act, but there is no testimony showing that it ever gave the plaintiff notice that it was covered by the Act. Nor were any signs posted by respondent to the effect that the business was operated under the provisions of the Act as required by Rule 7 of the Industrial Commission. 1942 Code, Sec. 7035-57, Rule 7.

A vital question arises: should the appellant be bound to proceed under the Workmen's Compensation Act even though the Act did not ordinarily apply to his employer, and appellant had no notice that his employer had elected to come under the Act?

Respondent contends that whether appellant knew that it was operating under the Workmen's Compensation Act, or whether respondent posted notices of such operation under the Act, is immaterial in determining whether the Workmen's Compensation Act is the exclusive remedy of appellant. To support this argument, the case of *Samuel v. Appleton Co.,* 214 S. C. 157, 51 S. E. (2d) 508, is cited and relied upon. We do not think this case sustains the position taken by respondent.

Differing from the case at bar, the plaintiff in the *Samuel case* was suing under the Workmen's Compensation Act, and in the *Samuel case* the employer was not presumptively excluded from the provisions of the Act, but was included. In that suit, it was held that the employee was bound by the provisions of the Workmen's Compensation Act, even though the signs required by the Act had not been posted around the place of business of the employer. Regardless of this, it was held that the plaintiff in the *Samuel case* was charged with constructive knowledge of the requirements necessary to obtain compensation.

We think a wide distinction exists between the *Samuel case* and the case at bar. When the respondent here, who was presumptively excluded from the provisions of the Act, elected to come under its terms, it was

incumbent upon respondent to give appellant notice that it had so elected, so that the plaintiff, if he so desired, could file his notice of election not to come under the terms of the Act. The plaintiff in the *Samuel case* was held to have constructive notice of the substantive law, because there the employer was not presumptively excluded. But in the instant case, it was the duty of the respondent, when it elected to come under the Act, to notify appellant and to post notices as required by the Act. Until this was done—and it was never done—, it cannot reasonably be held that the Workmen's Compensation Act, on the cause of action for assault and battery, constituted appellant's exclusive remedy. For the purpose of this discussion, we are assuming without deciding, that the assault and battery alleged would, under the testimony, come within the provisions of the Act.

Three other cases cited by respondent,—*Ham v. Mullins Lumber Co.,* 193 S. C. 66, 7 S. E. (2d) 712; *Yeomans v. Anheuser-Busch, Inc.,* 198 S. C. 65, 15 S. E. (2d) 833, 136 A. L. R. 894; and *Kennerly v. Ocmulgee Lumber Co.,* 206 S. C. 481, 34 S. E. (2d) 792, have no controlling application to the case at bar, because the facts easily differentiate them.

The trial judge in his order settling the case on appeal, required appellant to print the entire trial proceedings, testimony and evidence. It is submitted by appellant that this constituted error, in that none of the exceptions raise any questions as to the evidence.

It is argued that none of the exceptions relate to any matter other than the judge's charge to the jury, and raises only questions of law not in anywise dependent upon the evidence. And it is said that the fact that some of respondent's additional sustaining grounds raise questions which may be in part dependent upon the evidence should not place upon appellant the burden of printing such testimony. Appellant places reliance upon Code Section 29, which provides:

"* * * Only the necessary and pertinent testimony to which one or more exceptions relate shall be printed, and

in case more than the necessary testimony is printed, then the court shall tax the cost of all testimony unnecessarily printed against the offending party."

Rule 1 of this court puts the burden on the appellant to file the Transcript of Record. Section 7 of Rule 4 provides that the respondent may note any additional grounds upon which the judgment will be asked to be sustained. While the rules are silent as to which party shall have the burden of including in the Transcript of Record the necessary evidence and exhibits upon which the additional sustaining grounds are based, it seems to us that inasmuch as respondent is permitted to set forth additional sustaining grounds, and as appellant is required to prepare and file the Transcript of Record,—which includes the additional sustaining grounds,—a reasonable construction of the rules should be that appellant is required to include not only that portion of the record which he desires, but also such portions thereof as are made necessary by the additional sustaining grounds.

This court could not have considered in the preparation of this opinion, several issues raised under the additional sustaining grounds of respondent, without the benefit of the testimony taken on the trial. In our opinion, the lower court committed no error in directing that the entire record be included as the Transcript of Record.

In view of the error committed by the trial court as determined by us, in placing upon the appellant the burden of proving the alleged defamatory statements false, a new trial must be granted; and it is so ordered.

Judgment reversed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.

Order on Petition for Rehearing

PER CURIAM.

The petition for rehearing filed in this case by the respondent, points out:

"That the opinion of this Court sets forth that an error was committed by the trial court with respect to its charge concerning only the cause of action for libel and slander, and on the basis of such erroneous charge, reversed the case and granted a new trial; that the opinion of this Court, however, does not set forth or contain an allegation of error on the part of the court below, or otherwise, with respect to the separate and distinct cause of action for assault and battery, and in the absence of error by the court below with respect to the assault and battery cause of action, the judgment of the court below with respect to this separate and distinct cause of action for assault and battery should have been affirmed."

The appellant by his exceptions raised the issue that the trial court committed error in its charge to the jury with reference to the law of assault and battery. The failure of this Court to pass upon the question was entirely inadvertent.

Upon due consideration, it is ordered that the following be added to the opinion heretofore filed.

The trial judge charged the jury as follows, upon request of the defendant (respondent here) :

"I charge you that the intent to inflict injury is a necessary element of assault and battery, and that unless you find from the evidence that the defendant intended to inflict injury upon the plaintiff, the plaintiff has failed to prove that an assault and battery was committed, and in this connection your verdict must be for the defendant."

It is argued that the foregoing charge was erroneous, in that an intent to inflict injury is not a necessary element in a civil action of assault and battery.

The appellant testified that the respondent, through its agent, Mr. Payne, committed an assault and battery upon him at the time of his dismissal by grasping his arm in a rude and angry manner when demanding the keys to the warehouse in which the machinery was kept.

There is a well recognized distinction between criminal assault and a civil action for an assault and battery. In civil actions, the intent, while pertinent and relevant, is not an essential element. The rule, supported by the weight of authority, is that the defendant's intention does not enter into the case, for, if reasonable fear of bodily harm has been caused by the conduct of the defendant, this is an assault. "So it has been held that, even if an assault be unintentional, yet if it is recklessly committed defendant may be liable for the resulting damages." 6 C. J. S., Assault and Battery, § 4, page 798. "It is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree, which constitutes the battery; and it is unnecessary that the contact be effected by a blow, as any forcible contact is sufficient * * *." 6 C. J. S., Assault and Battery, § 9.

The same principle is stated in 4 Am. Jur., Sec. 5, Page 128: "Where, however, the basis of an action is assault and battery, the intention with which the injury was done is immaterial so far as the maintenance of the action is concerned, provided the act causing the injury was wrongful, for if the act was wrongful, the intent must necessarily have been wrongful * * *."

In our opinion, the trial judge committed prejudicial error in charging the jury that the intent to inflict injury is a necessary element in a civil action of assault and battery.

Other grounds stated in the petition for rehearing are without merit, and the petition is hereby denied.

Judgment reversed.