**Chris Ann MARTINEZ, Plaintiff,**

**v.**

**Michael R. FENN, Jr., and United States of America, Defendants.**

Civ. A. No. D:87–3067–8.

United States District Court,
D. South Carolina,
Beaufort Division.

Dec. 28, 1988.

F. Mikell Harper, Beaufort, S.C., for plaintiff.

Heidi M. Solomon, Asst. U.S. Atty., Charleston, S.C., for defendants.

## ORDER

BLATT, Chief Judge.

This matter is before the court on the motion of defendant United States of America to dismiss the complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment.

The plaintiff was injured while jogging on the shoulder of Yorktown Boulevard, Marine Corps Depot, Parris Island, South Carolina. The driver of the vehicle was Michael R. Fenn, Jr., a United States Marine. Defendant Fenn pleaded guilty to aggravated assault in a General Courts Martial on August 5, 1986.

The United States has raised three grounds in support of its motion to dismiss. The government claims that this suit is barred by the assault exception in the Federal Tort Claims Act, that Fenn was not within the scope of his employment under the doctrine of *respondeat superior*, and this action is barred by application of the doctrine of *res judicata.*

■ The government's first argument for dismissal is that this action is barred by the assault exception to the Federal Tort Claims Act. 28 U.S.C. § 2680(c). This section bars all claims against the United States that arise out of an assault. *Doe v. United States*, 769 F.2d 174 (4th Cir.1985), and *Thigpin v. United States*, 618 F.Supp. 239 (D.C.S.C.1985). Defendant Fenn pleaded guilty to aggravated assault. 10 U.S.C. § 928(b)(1). This section states that a person who commits an assault with a dangerous weapon or other means or force likely to produce death or grievous bodily harm is guilty of aggravated assault, which assault may be based upon proof of culpable negligence on the part of the defendant. *United States v. Yoakum*, 8 M.J. 763 (1980). Defendant Fenn pleaded guilty to conduct constituting culpable negligence. Culpable negligence is synonymous with gross negligence. *State v. Barnett*, 218 S.C. 415, 63 S.E.2d 57 (1951).

The plaintiff argues that the meaning of "assault" as used in the Federal Tort Claims Act includes only intentional assaults. Under 28 U.S.C. Section 1346(b), the United States may be liable for money damages on claims for "personal injury ... caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." South Carolina law will control the liability, if any, of the United States. However, in *Stepp v. United States*, 207 F.2d 909 (4th Cir.1953),

the court held that when considering exceptions to the Federal Tort Claims Act the general law should be applied. This avoids the possibility that a peculiar interpretation of state law will circumvent the aims and purposes of the Act. Therefore, the meaning of "assault" should be determined under the general civil law,[1] and this may not necessarily be the law of South Carolina.

■ Authority is divided on whether intent is an element of assault under the general law. According to the Restatement (Second) of Torts § 21(2), an act done without intent does not constitute a civil assault. This position is supported by *Prosser and Keeton on Torts* § 10 (5th ed. 1984). There is, however, authority that intent is not a necessary element in a civil assault. In South Carolina the rule is that an assault is committed when a "reasonable fear of bodily harm has been caused by the conduct of the defendant," and that intent to inflict injury is not a necessary element in a civil action for assault. *Herring v. Lawrence Warehouse Company*, 222 S.C. 226, 72 S.E.2d 453 (1952). The jurisdictions that support this rule can be found in the cases collected at 6A C.J.S. *Assault and Battery* § 5 (1975). Therefore, it appears that there is no certain rule under the general law.

The legislative history of the Federal Tort Claims Act does contain guidance as to what Congress considered the general law. "This section [28 U.S.C. § 2680] specifies types of claims which would not be covered by this title. They include ... *deliberate* torts such as assault and battery." S.Rep No. 1400, 79th Cong., 2d Sess., at 33 (1946), *quoted in Gibson v. United States*, 457 F.2d 1391, 1395 (3rd Cir.1972). (Emphasis added). It seems that Congress believed that only intentional or deliberate assaults were excluded from the coverage of the act. Thus, this court feels that this particular claim is not barred by the assault exception to the Federal Tort Claims Act, because the record herein

---

**1.** Intent is a necessary element of a criminal assault. *State v. Jones*, 133 S.C. 167, 130 S.E. 747 (1925), McAninch and Fairey, *The Criminal Law of South Carolina*, 103–104, and 6A C.J.S.

*Assault and Battery* § 67 (1975). As this is a civil case, the elements of criminal assault will not control the liability of the defendants under the assault exception.

128

does not establish as a matter of law that defendant Fenn deliberately and intentionally struck the plaintiff.[2]

This action cannot be dismissed under the second or third grounds the government has raised. The court, at this time, has before it insufficient and conflicting evidence on the issue of whether defendant Fenn was acting within the scope of his employment. This issue is not ripe for determination on summary judgment. The last ground raised is that this action is barred by application of the doctrine of *res judicata*. The earlier action, *Government Employees Insurance Company v. Michael R. Fenn, Chris Ann Martinez and the United States of America*, CA 2:87–521–8, was dismissed by this court without prejudice; therefore, *res judicata* does not apply as there was never a final determination on the merits.

Accordingly, the motion of the United States to dismiss the complaint, or in the alternative for summary judgment, is denied.

IT IS SO ORDERED.

---

**2.** Furthermore, in interpreting the Federal Tort Claims Act, the late Judge Ashton Williams of this court held that even willful conduct by government agents would not bar recovery. *See Curry v. United States,* 129 F.Supp. 38 (D.C. S.C.1954).