**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Catalina London Limited f/k/a Alea London Limited,
Respondent,

v.

Elisa Narruhn and R.K.C. Entertainment, LLC d/b/a The Red Room, Appellants.

Appellate Case No. 2014-002305

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-439
Submitted September 1, 2016 – Filed October 26, 2016

**AFFIRMED**

Gene McCain Connell, Jr., of Kelaher Connell & Connor, PC, of Surfside Beach, for Appellants.

Mark Steven Barrow, William Roberts Calhoun, Jr., and Mark V. Gende, all of Sweeny Wingate & Barrow, PA, of Columbia, for Respondent.

**PER CURIAM:** R.K.C. Entertainment LLC d/b/a The Red Room (The Red Room) and Elisa Narruhn (collectively, Appellants) appeal the circuit court's order,

which granted summary judgment to Catalina London Limited f/k/a Alea London Limited (Catalina) on the following grounds: (1) the assault and battery exclusion applied; (2) the policy of liability insurance was properly canceled on March 29, 2005; (3) The Red Room's failure to comply with the notice provisions of the policy substantially prejudiced Catalina; and (4) no occurrence triggering coverage under the policy had arisen.  Appellants argue the circuit court erred in granting summary judgment to Catalina because there were genuine issues of material fact and they presented the mere scintilla of evidence necessary to withstand Catalina's motion for summary judgment.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the assault and battery exclusion applied: *M & M Corp. of S.C. v. Auto-Owners Ins. Co.*, 390 S.C. 255, 259, 701 S.E.2d 33, 35 (2010) ("Insurance policies are subject to the general rules of contract construction."); *Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 474, 438 S.E.2d 275, 277 (Ct. App. 1993) ("While a policy should be liberally construed in favor of coverage and against exclusion, courts are not permitted to torture the ordinary meaning of language to extend coverage expressly excluded by the terms of the policy."); *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 334 S.C. 529, 535-36, 514 S.E.2d 327, 330 (1999) ("Although exclusions in an insurance policy are construed against the insurer, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or a statutory prohibition." (citation omitted)); *Sphere Drake*, 313 S.C. at 474, 438 S.E.2d at 277 (stating "the intention to exclude coverage of claims arising from assault and battery [was] unmistakable"); *Gathers v. Harris Teeter Supermarket, Inc.*, 282 S.C. 220, 230, 317 S.E.2d 748, 754 (Ct. App. 1984) ("A battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree; it is unnecessary that the contact be by a blow, as any forcible contact is sufficient . . . ."); *id.* at 230, 317 S.E.2d at 754-55 ("[A]n assault occurs when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant."); *Mellen v. Lane*, 377 S.C. 261, 277, 659 S.E.2d 236, 245 (Ct. App. 2008) ("There is a well[-]recognized distinction between criminal assault and a civil action for an assault and battery.  In civil actions, the intent, while pertinent and relevant, is not an essential element." (quoting *Herring v. Lawrence Warehouse Co.*, 222 S.C. 226, 241, 72 S.E.2d 453, 458 (1952))); *Herring*, 222 S.C. at 241, 72 S.E.2d at 458 ("Where, however, the basis of an action is assault and battery, the intention with which the injury was done is immaterial so far as the maintenance of the action is concerned, provided the act causing the injury was

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

wrongful, for if the act was wrongful, the intent must necessarily have been wrongful . . . ." (quoting 4 Am. Jur., Sec. 5, Page 128)); *id.* (holding the trial court committed prejudicial error in charging the jury the intent to inflict injury is a necessary element in a civil action for assault and battery).

2. As to issues two, three, and four: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate courts need not address remaining issues when the resolution of a prior issue is dispositive).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**