14942

KNIGHT *ET AL.* v. SHEPHERD *ET AL.*

(4 S. E. (2d), 906)

■■■■

December, 1938.

*Mr. William Elliott, Jr.,* for appellants,

*Messrs. Williams & Busbee,* for respondents,

October 9, 1939.

The opinion of the Court was delivered by Mr. Justice Fishburne.

The question to be decided is, whether the South Carolina Industrial Commission has jurisdiction to pass upon a claim for compensation under our Workmen's Compensation Act, Code Supp., 1936, § 7035-1 *et seq.*, arising out of the death of a Georgia employee of a Georgia employer in a case where the contract of employment was made in Georgia, and where the death of the employee occurred while he was temporarily in South Carolina in the course of his employment.

The appellant, an insurance carrier under the South Carolina Workmen's Compensation Act for the Georgia employer, W. C. Shepherd, seeks to reverse a judgment of the lower Court holding that the South Carolina Industrial Commission is vested with jurisdiction in such case, and is authorized to pass upon the claim of the respondents, who are the wife and child of Willie P. Knight, the deceased employee. The Industrial Commission held that it was without jurisdiction. This appeal is prosecuted solely by the insurance carrier.

The only defense advanced by the appellant carrier, and the only reason assigned in this Court for reversal of the judgment of the Circuit Court, is that the liability of the employer and the rights of the appellant are not governed by the South Carolina Workmen's Compensation Act. It is argued that the Georgia law controls.

There is no substantial dispute about the facts.

The employer is a non-resident of this State, residing in Georgia, and is engaged in the business of bridge building and highway construction, with his main office in the City of Atlanta. The deceased and his family were residents of Georgia, and we think it fairly to be inferred that the contract of employment was made in that State.

At the time of the accident to the deceased which resulted in his death, the employer had four or five construc-

tion projects under way in South Carolina, one of which was at Walterboro. The deceased was employed as a truck driver, and it was his duty to transport material and equipment from place to place, receiving his instructions from the Atlanta office. On September 2, 1937, he was instructed to go to Walterboro for the purpose of obtaining a broken tractor which had been used on the construction work at that place, and haul it to Atlanta so that it could be repaired. While returning to Atlanta with the tractor the truck collided with an automobile on the highway near Aiken, South Carolina, resulting in the death of Knight, the employee. While in South Carolina the deceased remained subject to the general direction and control of the employer's Atlanta office, and at the time he met his death, although he received his pay checks from the Atlanta office, his name was upon the payroll of the construction project at Walterboro, South Carolina; and the undisputed testimony is that in South Carolina the insurance premium paid by the employer to the insurance carrier was based upon the total amount of the payroll.

An inspection of the policy issued by the appellant carrier to the employer shows by express terms that it included the South Carolina Workmen's Compensation Act, and included the operations of the insured on the Walterboro project.

No question has been raised or can be raised that the South Carolina Industrial Commission lacked jurisdiction of the parties. Shepherd, the employer, submitted himself without question to the jurisdiction of the Industrial Commission of this State, and the Workmen's Compensation Act, Code Supp., 1936, Sec. 7035-70, provides that jurisdiction of the insured for the purpose of the Act shall be jurisdiction of the insurer; that the insurer shall in all things be bound by and subject to the awards, judgment or decrees rendered against such insured employer.

Our Act further provides, Section 7035-4, that every employer and employee, except as therein stated, shall be presumed to have accepted the provisions of the Act to pay and accept compensation for personal injury or death suffered in the course of the employment, and shall be bound thereby, unless notice be given to the contrary prior to injury or death. No such notice was given in this case, and the employer and the employee are deemed to have accepted its provisions. And Section 7035-72 provides that every policy for the insurance of the compensation therein provided, or against liability therefor, shall be deemed to be made subject to the provisions of the Act. It is provided in Section 7035-57, that all hearings upon claims shall be heard in the city or county where the injury occurred, unless otherwise agreed to by the parties, and authorized by the Industrial Commission. Section 7035-7 provides that no contract or agreement, written or implied, no rule, regulation, or other device shall in any manner operate to relieve any employer in whole or in part of any obligation created by the Act except as therein otherwise expressly provided. Section 7035-10 prescribes that every employer who accepts the compensation provision of the Act shall secure the payment of compensation to his employee in the manner therein provided. And the insurance policy and the law provide for medical, hospital and surgical treatment.

The appellant insurance carrier has assumed the liability of the employer under the South Carolina Act, but insists that jurisdiction of the subject-matter lies exclusively with the Georgia Commission under the Georgia Act. The Workmen's Compensation law of the State of Georgia was not introduced in evidence, and for that reason it is not before us. It is argued, however, that since the employer and the deceased employee were residents of Georgia, and the contract of employment was entered into in that state, South Carolina has no jurisdiction. We are unable to agree with this view.

It is suggested that we are bound by the fact finding of the South Carolina Industrial Commission, which held that it lacked jurisdiction. It is true that as to disputed facts which do not go to the jurisdiction, we are bound by the finding of the Commission, but where the only question presented is whether or not the jurisdictional fact exists entitling the claimant to be heard before the Commission, we have a right to review the action of the Commission, even to the extent of finding the fact to be other than the Commission found it.

We are unable to perceive any sound reason why South Carolina should be denied the right to apply in our own Courts our own statute enacted in pursuance of State policy to provide compensation for employees suffering injury or death within the State while engaged in the course of their employment. The Workmen's Compensation Law of our State expresses our domestic policy in its application to persons and events within the State.

The United States Supreme Court, in *Pacific Employer's Insurance Company v. Industrial Accident Commission,* 306 U. S., 493, 59 S. Ct., 629, 633, 83 L. Ed., 940, affirming the judgment of the Supreme Court of California, 10 Cal. (2d), 567, 75 P. (2d), 1058, 1063, and speaking of the importance of the right of the State to enact laws for the bodily safety and economic protection of employees injured within its borders, said: "Few matters could be deemed more appropriately the concern of the state in which the injury occurs or more completely within its power." The facts in the case at bar are substantially the same as in the *California case.*

The Supreme Court of California announced in its opinion in the foregoing case, that it is the policy of that state, as expressed in its Constitution and in its Compensation Act, to apply its own provisions for compensation to the exclusion of all others, and that "it would be obnoxious to that policy to deny persons who have been injured in this

State the right to apply for compensation when to do so might require physicians and hospitals to go to another state to collect charges for medical care and treatment given to such persons."

No consideration of public policy requires that citizens of other states be excluded from the benefits of the Act here under consideration.

In our opinion, the jurisdiction of the Industrial Commission is not dependent upon where the contract of employment was made, or the place of residence of the employer and employee. The facts of this case bring it within the provisions of our Compensation Act. The Commission has jurisdiction when the injury or death occurs within this State, and the compensation to be awarded is that provided by the South Carolina Act.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.

MR. JUSTICE CARTER did not participate on account of illness.