[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 68 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 69 
March 7, 1940.
The opinion of the Court was delivered by
James L. Ham, an employee of Mullins Lumber Company, died on the 6th of August, 1937, as the result of an accident which arose out of and in the course of his employment with the said company. Claim was made by Mrs. Lelia V. Ham, the widow, for compensation for herself and children, to the South Carolina Industrial Commission, within the terms and provisions of the South Carolina Workman's Compensation Act. After notice a hearing was had at Mullins, S.C. April 15, 1938, before Hon. John W. Duncan, Commissioner, at which hearing the Mullins Lumber Company and its insurance carrier were represented by counsel. The hearing commissioner filed his opinion June 22, 1938, by which he made an award in favor of plaintiff and her children.
From this award the Mullins Lumber Company and its insurance carrier, American Mutual Liability Insurance Company, asked for and were allowed a review by the full commission. In due time the full commission filed an opinion, made by the majority thereof, reversing the award made by the hearing commissioner. From this action of the full commission, the plaintiff appealed to the Court of Common Pleas for Marion County. The appeal was heard by Judge Dennis, who in due time filed an opinion by which he reversed the opinion and award of the full commission *Page 90 
and reinstated the opinion and award of the hearing commissioner.
From this order comes the appeal of the defendants to this Court.
We have reviewed with care the well-considered and logically stated order of Judge Dennis, and are in full accord with its findings and conclusions, and affirm the order.
By one of their exceptions appellants charge error to the Circuit Judge in holding that the South Carolina Industrial Commission should take jurisdiction of the case. The error being that he should have held to the contrary because of the fact that the North Carolina Industrial Commission had already taken jurisdiction of the case and had it under consideration.
We fail to find that Judge Dennis made the holding challenged in the foregoing exception. Indeed, it does not appear that that issue was ever brought to his attention. Certainly it was not presented by the 22 exceptions by which the plaintiff, in her appeal from the opinion and award of the full commission, charged error to that opinion; and it is equally certain that the appellants from Judge Dennis' order did not ask that he sustain the opinion and award of the full commission on the ground stated in the above exception.
However, lest there grow up some confusion as to the attitude of this Court on this suggested question, it is perhaps well to state here that we do not think the fact that the claimant had filed her claim with the North Carolina Industrial Commission before filing it with the South Carolina Industrial Commission deprived the South Carolina Industrial Commission of jurisdiction to hear the case. She filed her claim with the North Carolina Industrial Commission because of receipt of a statement made by the South Carolina Industrial Commission which led her to believe that they would not consider her claim. Later she formally withdraw the case from the North Carolina Industrial *Page 91 
Commission by the action of her attorneys, who said in their letter of March 11, 1938:
"March 11, 1938.
"North Carolina Industrial Commission Raleigh, North Carolina Gentlemen:
 In re: Docket No. 7754 James L. Ham, Deceased, v. Mullins Lumber Company, Mullins, S.C.
This is to advise you that the plaintiff in the above case withdraws the request of hearing before the N.C. Commission, notice of which hearing has been received and set for March 18, 1938.
We have received copies of letters from the South Carolina Industrial Commission indicating that the Mullins Lumber Company had elected to come under the South Carolina Act. We, therefore, think it would be unnecessary at this time to try this case before the North Carolina Commission, and we are proceeding to request a hearing before the South Carolina Commission.
 Yours very truly, Britt Britt By: J.C. King." On October 19, 1938, they wrote: "October 19, 1938
"North Carolina Industrial Commission Raleigh, North Carolina Docket 7754 I.C. File No. 744500 Emp. Code No. 124331-N Mrs. Lelia V. Ham (widow) etc., v. Mullins Lumber Co. "Gentlemen:
This will acknowledge receipt of yours of October 18, 1938, setting the above case for hearing at Lumberton, on October 26, 1938, at 2 p. m., and after talking to Judge *Page 92 
Varser and learning that he did not request the case be put down for hearing we conclude you made a mistake in placing same on the hearing docket.
If you will refer to former correspondence you will recall that a request for hearing was made in this case in order to protect the plaintiff's rights but that the case was not to be heard until the final decision of the South Carolina Industrial Commission.
We will ask you, therefore, to continue the case as before pending the decision of the S.C. Commission.
 Yours very truly, Britt Britt By: J.C. King."
It is evident that the sole purpose of filing claim with the North Carolina Commission was to preserve plaintiff's rights if the South Carolina Commission denied jurisdiction.
We do not think that the action of the South Carolina Commission in trying the case was in conflict with the rule laid down in the cases of Bannister v. Shepherd and Knightv. Shepherd, both of which cases are reported in4 S.E.2d 1, at page 7 and the other at page 906, and both are found in 191 S.C. (pages 165 and 452).
The facts in the present case are as follows: The Mullins Lumber Co. has its principal place of business at Mullins, S.C. which is not far from the North Carolina state line. J.L. Ham, its employee, resided at Mullins and while temporarily engaged in work for his employer on a job in North Carolina, just across the State line, went to his job every morning and returned to his home every night. He was regularly on the payroll of the Mullins Lumber Company, at Mullins, S.C.
A review of the facts in the cases of Bannister andKnight v. Shepherd, supra, will show that the action of the South Carolina Commission, in assuming jurisdiction of the present case, is in conformity with the rule laid down in the above-stated cases, which is thus expressed by Mr. *Page 93 
Justice Fishburne in the Knight case (191 S.C. 452,4 S.E.2d 907): "We are unable to perceive any sound reason why South Carolina should be denied the right to apply in our own Courts our own statute enacted in pursuance of State policy to provide compensation for employees suffering injury or death within the State while engaged in the course of their employment. The Workmen's Compensation Law of our State expresses our domestic policy in its application to persons and events within the State."
It is true that the accident by which J.L. Ham was injured occurred across the state line in North Carolina, but, as shown above, he was a citizen and resident of South Carolina, his employer is a corporation located in South Carolina. The deceased was on its payroll at Mullins, S.C.; he was temporarily, day by day, employed on a job for his employer just across the state line, where he was injured, and went to and from his home in South Carolina every day. Surely he was entitled to the protection of the laws of South Carolina, and his beneficiaries to the beneficent provisions thereof.
We do not think that this case is contradictory to the rule laid down in the case of Knight v. Shepherd, supra.
The exceptions are overruled and the order appealed from is affirmed.
Let it be reported.
MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.
MR. ACTING ASSOCIATE JUSTICE E.C. DENNIS disqualified.