16135

## GORDON v. HOLLYWOOD-BEAUFORT PACKAGE CORPORATION
### (49 S. E. (2d) 718)

*Messrs. Augustine T. Smythe and Augustine T. Smythe, Jr.,* of Charleston, *for Appellant,*

*Mr. A. R. McGowan,* of Charleston, *for Respondent,*

*Messrs. Augustine T. Smythe, and Augustine T. Smythe, Jr.,* of Charleston, *for Appellant,*

October 4, 1948.

TAYLOR, Justice: This appeal comes to this court by way of the Court of Common Pleas of Charleston County where the presiding Judge, the Honorable J. Woodrow Lewis, passed an order affirming an award of the Industrial Commission to the respondent in the above case.

It is undisputed that the decedent, John Gordon, received an injury arising out of and in the course of his employment while employed by the appellant, Hollywood-Beaufort Package Corporation, and that he died as a result of such injury. The only question presented therefore is whether or not at the time of the injury and death of John Gordon the appellant, Hollywood-Beaufort Package Corporation, was subject to and bound by the provisions of the South Carolina Workmen's Compensation Act, the pertinent provisions of which are the following portions of Section 7035-16(b):

"This article shall not apply to * * * employees or employers principally engaged in the business of * * * manufacturing of shipping containers * * *"

The Hearing Commissioner found that the defendant-appellant, Hollywood-Beaufort Package Corporation, was bound by and subject to the terms of the Workmen's Compensation Act and rendered an award in favor of the claimant, the widow of John Gordon, which was affirmed by the Commission as a whole and subsequently by the Circuit Court upon appeal. The respondent takes the position that the question is one of fact and that both the Circuit Court and this Court are bound by the findings of the fact-finding body if there is any competent evidence to support such findings; however, we are of the opinion that the ques-

tion is one of jurisdiction and will so consider it. In the case of *Knight v. Shepherd,* 191 S. C. 452, 4 S. E. (2d) 906, 907, the following language was used:

"It is suggested that we are bound by the fact finding of the South Carolina Industrial Commission, which held that it lacked jurisdiction. It is true that as to disputed facts which do not go to the jurisdiction, we are bound by the finding of the Commission, but where the only question presented is whether or not the jurisdictional fact exists entitling the claimant to be heard before the Commission, we have a right to review the action of the Commission, even to the extent of finding the fact to be other than the Commission found it."

In *Tedars v. Savannah River Veneer Company,* 202 S. C. 363, 25 S. E. (2d) 235, 237, 147 A. L. R. 914, we find the following:

"The findings of facts entering into the establishment of jurisdiction of the Commission to make an award are subject to review by the Courts, unlike ordinary factual findings. It is hornbook law that ordinarily facts are exclusively for the Commission and its findings thereof will not be disturbed on appeal if there is any competent evidence in the record supporting them. 1942 Code, section 7035-63. But, as stated, it is otherwise in the case of jurisdictional facts."

This principle of law was subsequently affirmed in *Mc-Dowell v. Stilley Plywood Company,* 210 S. C. 173, 41 S. E. (2d) 872, 875, with *Knight v. Shepherd, supra,* being cited and the following language used:

"If it be conceded that there is slight testimony that Mc-Dowell was occupying a dual relationship with Anderson in these logging operations, that is, of employee and partner, or that there is slight testimony from which it could be inferred he was an employee of Anderson, and that he was paid a portion of the net profits as a part of his remuneration as an employee, yet this case involves the jurisdiction of the South Carolina Industrial Commission to

make an award, and we have the right in such instance to reveiw the action of the Commission, 'even to the extent of finding the fact to be other than the Commission found it.' "

The undisputed facts are that the appellant, Hollywood-Beaufort Package Corporation, is a corporation existing by virtue of the laws of this State and that all of the stock in said corporation is owned by the Leigh Banana Case Company, that no package containers are actually manufactured at the place of business operated as Hollywood-Beaufort Package Corporation, but they are engaged solely in cutting rotary veneer, and that such veneer is sold principally to the Leigh Banana Case Company. The bookkeeping setup of the two companies is maintained separately. All goods are properly invoiced and both corporations act distinct and separately and have done so since 1940. That such portion of their product as is not desired by Leigh is sold to other purchasers. Appellant formerly performed the operation of manufacturing containers, but later that portion of the machinery required for the manufacturing of such containers was removed to the place of business of the Leigh Company and thereafter the Hollywood-Beaufort Package Corporation was and is engaged principally in the manufacture of rotary veneer.

Mr. H. J. Linder, Vice-President and General Manager of the Hollywood-Beaufort Package Corporation, testified in part as follows:

"Q. Now, the Hollywood-Beaufort Package Corporation is a separate corporation and entity in itself now? A. It is now, yes, sir.

"Q. And always has been so operated? A. That is right.

"Q. Even though Leigh had the controlling interest? A. That is right.

"Q. And then it is balanced up and the Hollywood-Beaufort Package Corporation pays its own employees, and pays its own expenses? A. Yes, sir, it is a separate business

\* \* \* It is handled at arms' length just like two separate corporations.

· "Q. That is exactly what I say, and the books show that it is a separate corporate entity? A. There is no question about that.

"Mr. McGowan: Well, the Hollywood-Beaufort Package Corporation charges the Leigh Corporation with whatever they ship them? A. That is right.

"Q. And the Hollywood-Beaufort Package Corporation charges any other individual for whatever they ship them? A. That is right.

"Q. What was the business of the Appellant, Hollywood-Beaufort Package Corporation?

"Q. They don't make any packages?

"The Witness: Not any finished containers.

"Q. You have no machinery in there to make any kinds of packages, barrels, boxes or anything like they used to make? A. That is correct.

"Q. The only thing that the Hollywood-Beaufort Package Corporation is doing now, and was doing when this particular nigger was killed was soaking the logs or steaming them. What do you call it cooking them? A. Steaming them.

"Q. And the only thing that Hollywood-Beaufort Package Corporation sells to the Leigh Corporation is the veneer · wood? A. That is right."

This Court has repeatedly held that the basic purpose of the Workmen's Compensation Act is the inclusion of employers and employees rather than their exclusion. *Alewine v. Tobin Quarries,* 206 S. C. 103, 33 S. E. (2d) 81; *Kennerly v. Ocmulgee Lumber Co.,* 206 S. C. 481, 34 S. E. (2d) 792; *Pelfrey v. Oconee County,* 207 S. C. 433, 36 S. E. (2d) 297; *Hopkins v. Darlington Veneer Co.,* 208 S. C. 307, 38 S. E. (2d) 4; *McDowell v. Stilley Plywood Co., supra.*

It is clear from the record that appellant is a separate and distinct corporate unit hiring its own help, paying its own employees, keeping its own books, issuing invoices, and doing other things necessary to carry on the business, that its product is rotary cut veneer and not finished shipping containers and has no facilities for doing so.

The mere ownership of the capital stock of one corporation by another does not create an identity of corporate interest between the two companies, or render the holding company the owner of the property of the other, or create the relationship of principal and agent, or representative, or *alter ego* between the two. Appellant cites the case of *State ex rel. Daniel v. Broad River Power Company*, 157 S. C. 1, 153 S. E. 537, and cases cited therein, as authority for his contention that the two companies should be considered as one and the same; however, these cases all involve public interest while here we are faced with the well-established principle of law that for the purpose of workmen's compensation matters, the Courts favor inclusion rather than exclusion of employers and employees.

We are therefore of the opinion that the Industrial Commission was correct in holding that appellant at the time of the injury of John Gordon, its employee, was subject to and bound by the terms of the South Carolina Workmen's Compensation Act, and that all exceptions should be dismissed and it is so ordered.

Affirmed.

Baker, C.J., and Fishburne, Stukes and Oxner, JJ., concur.