16438

CRIBBS v. SOUTHERN COATINGS & CHEMICAL CO. *ET AL.*

(62 S. E. (2d) 505)

*Messrs. Nash & Wilson,* of Sumter, *for Appellant,*

*Messrs. Connor & Connor,* of Kingstree, *for Respondent,*

December 1, 1950.

BAKER, Chief Justice.

This is an action at common law commenced by the respondent against the appellants, seeking damages in the sum of $50,000.00 for injuries suffered on the 13th day of September, 1946, by the respondent who was an employee of the appellant, Southern Coatings and Chemical Company, due to the alleged negligent operation of a truck owned by the appellant, Southern Coatings and Chemical Company, and being used in its business. The other named appellants are merely names of sawmill plants operated by the appellant, Southern Coatings and Chemical Company.

The answer of the appellant, Southern Coatings and Chemical Company, amongst other defenses, sets up a Fifth Defense reading as follows: "This Defendant alleges that if the Plaintiff was engaged in the business of the Defendant within the scope of his employment at the time and place mentioned in the Amended Complaint, and if he was injured at said time, then upon information and belief, Defendant alleges that Plaintiff's exclusive remedy is under the Workmen's Compensation Act, apearing as Section 7035-1 to 7035-78, Code of Laws of 1942, that he may not maintain this action under the provisions of said Act, and Defendant pleads said Act in bar of this action."

On motion of the said appellant, the Honorable M. M. Mann, Circuit Judge, passed an order dated September 26, 1949, referring the issue raised by the Fifth Defense to a Special Referee to take the testimony and report his conclusions of law and findings of fact on the issue raised by the Fifth Defense as to the jurisdiction of the Court of Common Pleas of Berkeley County to try the cause.

Pursuant to said Order of Reference, testimony was taken, the Special Referee holding that said appellant, Southern Coatings and Chemical Company, was not the alter ego or

agent of the Williams Furniture Corporation and, therefore, did not come under the Workmen's Compensation Act.

Exceptions to the report of the Special Referee were duly filed and came on to be heard before the Honorable William H. Grimball, Circuit Judge, who passed his order sustaining said report of the Special Referee in all respects.

It was from this last mentioned order that the appeal comes to this Court.

Prior to the service of respondent's summons and complaint in his common law action against the appellants herein named, to wit, on or about December 27, 1946, the respondent filed his claim for the injuries he had received, against Williams Furniture Corporation, and, of course, with the South Carolina Industrial Commission. Subsequently the South Carolina Industrial Commission requested the Williams Furniture Company to furnish a report of the injury, and in reply to this request the Williams Furniture Company, or Corporation, denied that respondent was employed by it. It was thereafter that the respondent withdrew the claim he had filed with the South Carolina Industrial Commission against Williams Furniture Company, and, having withdrawn said claim, commenced his action for damages in the Court of Common Pleas for Berkeley County against the appellants.

Of course, at this stage of the case, the real question now before this Court is whether the appellant, Southern Coatings and Chemical Company, is the alter ego or agent of Williams Furniture Company, or whether it is a separate legal entity. Stating the matter in another way: Does the Williams Furniture Corporation bear such relationship to Southern Coatings and Chemical Company as makes it liable for compensation to the respondent as an employee of the last mentioned corporation, under the South Carolina Workmen's Compensation Act,

The record convincingly shows that Williams Furniture Corporation is subject to the terms of the Workmen's Com-

pensation Act, but we think that it also convincingly shows that Southern Coatings and Chemical Company is not subject to the terms of the said Act, and that therefore the respondent, being an employee of Southern Coatings and Chemical Company, is not subject to the terms of the said Act.

It is also quite clear to our minds that the appellant, Southern Coatings and Chemical Company, is not the alter ego or agent of Williams Furniture Company, and that notwithstanding the fact that the stockholders of the two corporations are largely the same, they are entirely separate corporate entities. The appellant, Southern Coatings and Chemical Company, has assets of approximately $1,800,000-.00, conducts widespread lumbering and logging operations in different counties of the State, and is answerable for any claim that might be made against it. It hires its own help, pays its employees, keeps its own books, issues its own bills, and does not even sell its products to Williams Furniture Company if a better price can be obtained from other companies engaged in the same line of business as is Williams Furniture Corporation (the manufacture of hardwood timber into furniture). It makes separate income tax returns both to the State and Federal Government, and in every respect acts independently of Williams Furniture Company. It is an established fact that Southern Coatings and Chemical Company has never elected to come within the Workmen's Compensation Act.

Repeating to an extent, the record shows that the respondent, at.the time of his alleged injury, was employed by and engaged in the business of Southern Coatings and Chemical Company, and was paid by said Company, and in no way employed by or connected with Williams Furniture Corporation, and therefore did not come under the terms of the Act.

Judgment affirmed.

FISHBURKE, STUKES, TAYLOR and OXNER, JJ., concur.