17878

George T. BROWN, Respondent, v. MOORHEAD OIL COMPANY and Central Surety and Insurance Company, Appellants

(124 S. E. (2d) 47)

*Francis R. Fant, Esq.,* of Anderson, *for Appellants,*

*Messrs. J. Calhoun Pruitt,* of Anderson, and *Richard J. Foster,* of Greenville, *for Respondent,*

February 15, 1962.

LEWIS, Justice.

The claimant, George T. Brown, was injured in an accident which arose out of and in the course of his employment by Crown Royal Service, Inc. This corporation was not subject to the Workmen's Compensation Law because it employed less than 15 employees and had not elected to operate under the provisions of that Act. Sections 72-13 and 72-109, 1952 Code of Laws. The claimant filed for Workmen's Compensation benefits against the appellant, Moorhead Oil Company, which was subject to the Workmen's Compensation Act, contending that although working for Crown Royal Service, Inc., he was in fact an employee of the appellant Moorhead Oil Company because of the close connection between the two corporations. He was awarded compensation by the Industrial Commission and the award was affirmed on appeal to the Circuit Court, from which adverse judgment the appellants, Moorhead Oil Company, and its carrier Central Surety and Insurance Company, have prosecuted this appeal.

In their statement of the questions involved, the parties agree that the sole question to be determined in this appeal is whether or not the claimant at the time of his injury was an employee of Moorhead Oil Company within the meaning of the Workmen's Compensation Act. Our consideration of the matter is, therefore, limited to this issue. Rule 8 of the Rules of the Supreme Court.

The question as to whether or not the claimant was an employee of Moorhead Oil Company involves the jurisdiction of the Industrial Commission and the general rule, that findings of fact by the Commission based upon competent evidence are conclusive on appeal, does not apply. The Circuit Court, and this Court on appeal, has both the power and duty to review the entire record and find therefrom the jurisdictional facts, without regard to the conclusions of the Commission on such issue; and will

decide the jurisdictional question in accord with the preponderance of the evidence, *Miles v. West Virginia Pulp and Paper Co.,* 212 S. C. 424, 48 S. E. (2d) 26. While in determining such jurisdictional questions it must be kept in mind that the basic purpose of the Workmen's Compensation Act is the inclusion of employers and employees within its coverage and not their exclusion, and doubts of jurisdiction will be resolved in favor of inclusion rather than exclusion, *Adams v. Davison-Paxon Co.,* 230 S. C. 532, 96 S. E. (2d) 566, the courts are bound by the law as written, and "are without authority to enlarge the meaning of the terms used by the Legislature or to extend by construction its scope and intent so as to include persons not embraced by its terms; and one who seeks to avail himself of the Act must come within its terms". *McDowell et al. v. Stilley Plywood Co. et al.,* 210 S. C. 173, 41 S. E. (2d) 872.

The contention that the claimant was an employee of Moorhead Oil Company is based upon the claimed connection between it and Crown Royal Service, Inc., by whom he was employed at the time of his injury. The claimant contends that Crown Royal Service was a corporation in name only and in reality was a part of the business operations of the Moorhead Oil Company. The basic question, therefore, to be decided in determining the employment status of the claimant involves a determination of the relationship, if any, between the corporations, Crown Royal Service and Moorhead Oil Company—that is, whether Crown Royal Service is in reality the *alter ego* or agent of Moorhead Oil Company, or whether it is a separate legal entity.

The factual situation involves the business operations of one Albert Moorhead. He owns and operates four corporations in Anderson County, South Carolina. These corporations are the appellant Moorhead Oil Company, Crown Royal Service, Inc., Independent Petroleum Company and Southern Petroleum Company. Mr. Moorhead owns all of the stock in these corporations, except Southern Petroleum

in which he owns two-thirds of the stock. These corporations are engaged in the sale and distribution of petroleum products, recapping of tires and similar business activities.

Mr. Moorhead testified as to the formation of these corporations and the purpose of each in his business set up. The appellant, Moorhead Oil Company, was engaged in the sale and distribution, both wholesale and retail, of petroleum products, and operates approximately ten gasoline service stations. It is an independent distributorship and sells petroleum products under its own brand name. In the sale of gasoline to independent service stations which did not use any particular brand name of gasoline, it was found desirable to form other corporations so that such sales would not be confused with the retail operations of Moorhead Oil Company. The Independent Oil Company and Southern Oil Company were, therefore, organized for this purpose. All petroleum products sold by these corporations was bought from Moorhead Oil Company. Subsequently, Mr. Moorhead decided to establish a tire recapping service and organized the Crown Royal Service Corporation for that purpose. In this appeal we are concerned with only two of these corporations, Moorhead Oil Company and Crown Royal Service, Inc.

The claimant was employed by Crown Royal Service, Inc., was carried as an employee on its payroll records, and his wages were paid by checks of that corporation. He worked at the place of business of this corporation in its tire recapping business and received his injury on May 5, 1958 while so engaged.

Mr. Moorhead owned and generally supervised the management of all of the above corporations. All of the books for these corporations were kept by the same persons in the offices of Moorhead Oil Company, but separate books, bank accounts, and payroll records were kept for each. Separate tax returns were filed for each. Other than the central bookkeeping arrangement, the business of Crown Royal Service

was transacted from a different location, under a separate manager, and its legal entity was preserved. Neither of the corporations owned stock in the other, and their connection arose solely by virtue of their common ownership by Mr. Moorhead. It is true that all employees of the corporations were hired under his general supervision, but his authority to do so arose from his ownership of the particular corporations and not from any control exercised by one corporate unit over the other. There is testimony that the business of all of the corporations was regarded as one big operation by Mr. Moorhead and that he intended to provide insurance coverage for the employees of all of the corporations, but the fact remains that each corporation was a separate legal entity, apart from the others, and operated as such by him.

There is nothing in the record before us to warant the conclusion that the formation of the several corporations by Mr. Moorhead and the transaction of his respective businesses through them was for the purpose of avoiding compliance with the provision of the Workmen's Compensation Act.

Under the foregoing facts, it is clear that Crown Royal Service, Inc., by whom the claimant was employed, was a separate and distinct corporate unit from that of the appellant Moorhead Oil Company. There is insufficient evidence to justify a conclusion that either corporation was the instrumentality of the other. And the mere fact that the entire stock in the two corporations was owned by the same person does not operate to create an identity of corporate interest between the companies, or create the relationship of principal and agent, or representative, or *alter ego* between the two. 13 Am. Jur. 160, Section 6; 18 C. J. S., Corporations, §§ 5(j) and 7(e) pages 374 and 382; *Gordon v. Hollywood-Beaufort Package Corp.,* 213 S. C. 438, 49 S. E. (2d) 718; *Cribbs v. Southern Coatings and Chemical Co.,* 218 S. C. 273, 62 S. E. (2d) 505. Although courts

will in the furtherance of justice disregard the corporate entity, we find insufficient evidence to justify such action here.

The claim for compensation of the claimant was improperly allowed against the appellant, Moorhead Oil Company, as he was not an employee of that corporation.

Reversed.

TAYLOR, C. J., and MOSS and BUSSEY, JJ., concur.