Mary Evelyn M. **STRICKLAND**, Plaintiff,

v.

**TEXTRON, INC.**, Defendant.

**Civ. A. No. 75–1653.**

United States District Court,
D. South Carolina,
Florence Division.

July 7, 1977.

Inc., has moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure upon the grounds that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law in that plaintiff's exclusive remedy is under the South Carolina Workmen's Compensation Act, S.C. Code §§ 42–1–10 *et seq.* (1976), and that this action is barred by section 42–1–540. The defendant has also moved for dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure on the grounds that the complaint fails to state a claim for which relief can be granted.

In support of its motions, the defendant relies upon the pleadings, the interrogatories and the answers thereto and the affidavits which have been filed. The defendant's motion is essentially based on its contentions that (1) Textron did not manufacture or sell, or caused to be manufactured or sold, the machine in question; and (2) that even assuming that it did manufacture the machine in question, plaintiff may not recover from it since she has previously received workmen's compensation from her "employer", Textron, Inc., and is barred by the exclusive remedies provision, § 42–1–540.

Ronald L. Motley, Blatt, Fales, Bedingfield, Loadholt, Poole, Motley & Richardson, Barnwell, S. C., for plaintiff.

C. Dexter Powers, Wright, Scott, Blackwell & Powers, Florence, S. C., for defendant.

## ORDER

This is an action arising out of plaintiff's injuries on April 29, 1971 when, during the course of her normal employment, her hair was caught in a moving wheel of a machine that aids in the manufacture of zippers. At the time of the injury, plaintiff was an employee of the defendant's Talon Division and she has since received $10,900.00 in settlement of all amounts owed to her by her employer under South Carolina Workmen's Compensation laws. Plaintiff instituted this products liability action against Textron, Inc. alleging that it was the supplier of a negligently designed and dangerously defective product—the machine which injured plaintiff. The defendant, Textron,

In 1966, Talon, Inc. manufactured the machine in question which was installed in its Lake City, South Carolina plant in 1967. On July 15, 1968 pursuant to an agreement and plan of reorganization, Textron, Inc. acquired all of the assets of Talon including the Lake City plant and Talon, Inc. was dissolved with its operations being designated as the Talon Division of Textron, Inc. The Talon Division is not a separate corporate entity and has no board of directors. It does not separately report its taxes. They are reported by Textron, Inc. Textron, Inc. and its Talon Division have the same workmen's compensation insurance carrier. Plaintiff began her employment with the defendant's Talon Division in 1970 some two years after it had become the Talon Division of Textron, Inc.

Section 42–1–540 provides, in pertinent part, that

The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

Thus, if Textron, Inc. is plaintiff's employer within the meaning of § 42–1–540, her exclusive remedies are under the South Carolina Workmen's Compensation laws of which she has already availed herself. *Daniels v. Roumillat*, 264 S.C. 497, 216 S.E.2d 174 (1975); *Marchbanks v. Duke Power Co.*, 190 S.C. 336, 2 S.E.2d 825 (1939). The record before this Court shows that Textron, Inc. was plaintiff's employer within the meaning of that section.

Textron is a business corporation with its operations divided into product groups, Consumer, Aerospace, Industrial and Metal Products. Within these product groups are 22 divisions. Talon is one division of Textron, Inc. within its consumer product group. Talon has no board of directors and is not a separate corporate entity. All taxes are reported by Textron, Inc. including those relating to its divisions among which is Talon. The net worth of Textron, Inc. is published in its annual report and no separate net worth is published for its Talon Division. Plaintiff began her employment with the Talon Division of Textron, Inc. on December 28, 1970 more than two years after Textron, Inc. acquired the assets and business of Talon.

A basic principle of Workmen's Compensation Law is that doubts of jurisdiction must be resolved in favor of the inclusion of employers and employees rather than their exclusion. *Adams v. Davison-Paxon Co.*, 230 S.C. 532, 96 S.E.2d 566, 572 (1957); *Yeomans v. Anheuser-Busch, Inc.*, 198 S.C. 65, 15 S.E.2d 833 (1941); *Ham v. Mullins Lumber Co.*, 193 S.C. 66, 7 S.E.2d 712 (1940). Under the facts set forth

above, it is without doubt that were plaintiff seeking to impose the obligations of the Workmen's Compensation Laws on Textron, Inc., as her employer, she would be successful particularly in light of the fact that she began her employment *after* Talon, Inc. had been acquired by Textron, Inc. and had become its Talon Division. The correlative counterpart of the requirement that liabilities be borne is that immunities be accorded. *Adams v. Davison-Paxon Co., supra.*

The cases relied upon by plaintiff to show a sufficient degree of separation between Textron and its Talon Division to evade the bar of § 42–1–540 are inapposite. *Brown v. Moorehead Oil Co.*, 239 S.C. 604, 124 S.E.2d 47 (1962) concerned an attempt by an injured employee of one corporation to impose liability under the Workmen's Compensation Laws upon another corporation on the theory that the sole proprietor/owner of the defendant corporation owned all of the stock of the corporation which employed the plaintiff and that it was in reality the "alter ego" of the defendant corporation. In discussing the degree of control between the two corporations, the Court placed great emphasis on the separateness of the two corporations as legal entities— "the fact remains that each corporation was a separate legal entity, apart from the others, and operated as such  . . . ." *Brown v. Moorehead, supra,* 124 S.E.2d at 50. Here, despite the degree of decentralization present in each of the defendant's divisions, such, as in their daily managerial operations and personnel structures which is warranted by the defendant's size, the material facts are that the defendant's Talon Division is not a separate corporate entity, does not have independent status for tax return purposes, does not maintain a separate board of directors, and is subject to the primary control of Textron, Inc. *Gordon v. Hollywood-Beaufort Package Corporation*, 213 S.C. 438, 49 S.E.2d 718 (1946) is equally inapplicable since it also concerned two *separate* corporations with one owning a controlling interest in the capital stock of the other.

Nor does plaintiff's contention that the reasonable expectations of the plaintiff/employee in her belief as to who is her employer require this Court to wait until this can be developed at trial. While it may be proper in some instances to consider which party the facts would lead the employee to believe is her employer, 1 A. Larson, Workmen's Compensation Law § 48.00 (1976), under the facts of this case, where plaintiff's employment commenced with the Talon Division of Textron, Inc. and not with Talon, Inc., such delay is not warranted. *Cf. Chavis v. Watkins*, 256 S.C. 30, 180 S.E.2d 648 (1971); *Holloway v. Cooley & Sons,*, 208 S.C. 234, 37 S.E.2d 666 (1946). This is not the case of an employee commencing work with one employer only to have that employer change without her knowledge. Here, plaintiff commenced her employment with the Talon Division of Textron, Inc. and was so employed on the date of the accident. Thus, any expectation that plaintiff was employed by Talon, Inc. and not the Talon Division of Textron, Inc. would be unreasonable.

Finally, plaintiff contends that even if the Court finds the defendant to be plaintiff's employer, it is nevertheless subject to liability under the "dual capacity" doctrine. This doctrine, which has not been applied in this state, allows injured employees under certain exceptional circumstances to receive payment under a Workmen's Compensation Act and to retain a common law cause of action against the employer when it is acting in a "dual capacity" such as being both the employer of the injured employee and the manufacturer of an allegedly defective product causing the employee's injury. *See* 2 A. Larson, Workmen's Compensation Law § 72.80 (1976).

Whatever may be said for the merits of the "dual capacity" doctrine and assuming, without deciding, that Textron, Inc., as the successor corporation to Talon, Inc., would be liable for a product defect in a machine manufactured by Talon, Inc. prior to its acquisition by Textron, Inc., it is clear that under the facts of this case the doctrine is not applicable. *See Kottis v. Unit-ed States Steel Corporation*, 543 F.2d 22, 25–26 (7th Cir. 1976).

Whatever may be said . . . for allowing a remedy in addition to workmen's compensation in cases such as *Duprey v. Shane* [39 Cal.2d 781, 249 P.2d 8 (1952)], in which the employment relationship is incidental to the injury, we see no basis for granting such a remedy here, where the employment relationship predominates. The injury to plaintiff's decedent was precisely the kind of injury the Workmen's Compensation Act was intended to cover. It occurred while he was performing his job in his employer's steel mill using equipment provided by the employer to perform that job. Failure of the employer to provide a safe place to work is the cause, or can plausibly be alleged to be the cause, of a substantial proportion of industrial accidents. It was one of the most important grounds for master-servant actions in common law, e. g., 1 Larson, Workmen's Compensation Law, § 4.40 at 28 (1976), which the workmen's compensation remedy was designed to replace. Allowing a remedy in addition to workmen's compensation for such cases would make substantial, if not devastating, inroads on the [state] workmen's compensation scheme.

The facts in this case reveal that plaintiff's injury was not incidental to her employment but was directly related to it. She was working at her regular job, near a machine furnished by the Talon Division of Textron, Inc., her employer, for use in its manufacturing process. Additionally, the plaintiff alleges in her complaint that the injury occurred "in the course of her normal employment." As pointed out in *Kottis*, this is the type of injury the workmen's compensation remedy is designed to cover, and such recovery under the Workmen's Compensation Act is her exclusive remedy against her employer.

Therefore, there being no genuine issue as to any material fact and the Court having found that the defendant is entitled to judgment as a matter of law, the Clerk is hereby ordered to enter summary judgment in favor of the defendant.

AND IT IS SO ORDERED.