24154

WESAV FINANCIAL CORPORATION, Petitioner v. Billy L. and Ethel LINGEFELT, Respondents v. FOREST HILLS HOMES, INC., Third-Party Respondent.

(450 S.E. (2d) 580)

Supreme Court

*Walter B. Todd, Jr.*, Columbia, *for petitioner.*

*Hal J. Warlick*, Easley, *for respondents.*

*Bruce Byrholdt*, Anderson, *for third-party respondent.*

Heard April 6, 1994.

Decided Oct. 24, 1994.

*Per Curiam:*

We granted WeSav Financial Corporation's (WeSav) petition for writ of certiorari to review *WeSav Financial Corp. v. Lingefelts,* — S.C. —, 429 S.E. (2d) 814 (Ct. App. 1992). WeSav contends that the Court of Appeals erred in holding that the receiver of WeSav's parent company was the real party in interest in this action and, therefore, must be joined under Rule 17 (a), SCRCP. We agree and reverse. The order of the trial judge is affirmed.

## Facts

Billy and Ethel Lingefelts (Lingefelts) entered a retail installment sales contract and security agreement with Forest Hills Homes, Inc. (Seller), creating a security interest in a mobile home. The agreement was duly perfected and assigned to WeSav. Upon the Lingefelt's default, WeSav filed suit for claim and delivery of the mobile home. The Lingefelts answered and counterclaimed alleging, among other things, intentional breach of contract and the publishing of libelous and slanderous statements to local credit agencies concerning their nonpayment of mortgage installments.

Following a hearing on WeSav's motion for summary judgment, the trial judge was given notice that WeSav's parent company, Western Savings and Loan Association, F.A. (Western), had been placed into receivership and the Resolution Trust Corporation (RTC) had been appointed receiver. Thereafter, the trial judge granted WeSav's motion for summary judgment and Lingefelts appealed. The Court of Appeals found that the RTC, as Western's receiver, owns the assets of WeSav and, therefore, is the real party in interest. Without

ruling on the Lingefelts' exception to the trial judge's summary judgment, the Court of Appeals remanded the cause of action to the trial judge so that the Lingefelts could move to join or substitute the RTC. We granted certiorari and now review both the Court of Appeals' decision to remand the case for joinder of the RTC and the trial judge's grant of summary judgment.

## Analysis

WeSav contends the Court of Appeals erred in holding that the RTC is the owner of WeSav's assets and, thus, the real party in interest in this action. We agree.

When the RTC becomes a receiver for a failed corporation, it takes "title to the books, records, and assets" of the corporation. 12 U.S.C.A. § 1821(d)(2)(A)(ii) (1989). As receiver for Western, the RTC acquired title to Western's assets, which includes WeSav's stock. *See McCarthy Western Constructors, Inc. v. Phoenix Resort Corp.*, 951 F. (2d) 1137 (9th Cir. 1991) (as receiver for the corporation, RTC succeeded to the corporation's rights, title, and interest as a shareholder in the partially owned corporation). However, the RTC's status as a shareholder does not make it the real party in interest. *See Gordon v. Hollywood Package Corp.*, 213 S.C. 438, 49 S.E. (2d) 718, (1948) (the mere ownership of the capital stock of one corporation by another does not create an identity of corporate interest between the two companies, or render the holding company the owner of the property of the other). Accordingly, we find that the Court of Appeals erred in holding that the RTC was the real party in interest in this action. We agree with Judge Goolsby's dissent that *Insurance Commission v. New South Life Ins. Co.*, 270 S.C. 612, 244 S.E. (2d) 289 (1978), the case relied upon by the majority, is inapplicable to this case because New South, unlike WeSav, had no legal identity when suit was brought. Moreover, the issue of whether the RTC is the real party in interest was not raised or ruled on by the trial judge. Therefore, the Court of Appeals erred in considering this issue. *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E. (2d) 495 (1992) (issue on which the trial judge never ruled and which was not raised in posttrial motions is not properly before this court).

The Lingefelts also allege that the trial judge erred in granting WeSav's motion for summary judgment on their counterclaim for libel and slander. We disagree.

The Lingefelts' counterclaim alleges that WeSav published libelous and slanderous statements to local credit agencies regarding their nonpayment of loan installments. In their answer, the Lingefelts admitted that they had not paid the loan installments. The truth of the matter is a complete defense to an action based on defamation. *Ross v. Columbia Newspaper, Inc.*, 266 S.C. 75, 221 S.E. (2d) 770 (1976). The trial judge properly granted WeSav's summary judgment on the Lingefelts' counterclaim for slander and libel because there was no question of fact as to the truth of WeSav's statements.[1] *See Byers v. Westinghouse Electric Corp.*, — S.C. —, 425 S.E. (2d) 23 (1992) (summary judgment is appropriate when it is clear that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law).

The Lingefelts' remaining exceptions do not contain a complete assignment of error and, therefore, violate Supreme Court Rule 4. § 6.[2] *Germain v. Nichol*, 278 S.C. 508, 299 S.E. (2d) 335 (1983). Accordingly, we dismiss these exceptions.

Reversed.

---

[1] The Lingefelts assert that an alleged addendum to the contract creates an issue of fact. The addendum, however, was never made a part of the record.

[2] This appeal was brought under the old Supreme Court rules.