**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anthony Wise, Appellant,

v.

Kenneth E. Leap, Newberry Hospital, LLC d/b/a Newberry County Memorial Hospital and West Fraser, Inc., Defendants,

Of Whom West Fraser, Inc. is the Respondent.

Appellate Case No. 2021-001463

———————

Appeal From Newberry County
G. D. Morgan, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-216
Submitted April 1, 2024 – Filed June 20, 2024
Withdrawn, Substituted, and Refiled July 17, 2024

———————

**AFFIRMED**

———————

John W. Carrigg, Jr., of Carrigg Law Firm, of Lexington, and John E. Parker and John Elliott Parker, Jr., both of Parker Law Group, LLP, of Hampton, all for Appellant.

Christopher B. Major, of Haynsworth Sinkler Boyd, PA, of Greenville, and Anne Laurie McClurkin, of Mobile, AL, both for Respondent.

———————

**PER CURIAM:** Anthony Wise was working for West Fraser, Inc. (West Fraser) when he appeared to suffer a work-related injury to his groin. West Fraser's safety director escorted Wise to the emergency room. A medical exam revealed that Wise had an unrelated infection for which he was prescribed an antibiotic. This defamation case concerns Wise's claim that the safety director returned to West Fraser and started a chain of rumors that Wise had a sexually transmitted disease.

Wise appeals the circuit court's order granting West Fraser's motion for summary judgment. Wise asserts the following findings were erroneous: (1) West Fraser established that the safety director's statements were true, resulting in an absolute defense to Wise's defamation claim; (2) the safety director's statements to the plant manager were protected by a qualified privilege; and (3) the safety director's statements could not be reasonably construed as defamatory by innuendo. Wise also appeals the circuit court's denial of his request to amend his complaint. We affirm.

"An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56 [of the South Carolina Rules of Civil Procedure]." *Brockbank v. Best Cap. Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000). "Rule 56(c) . . . provides that the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) (alterations in original) (quoting Rule 56(c), SCRCP). "[T]he evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Fleming v. Rose*, 350 S.C. 488, 493–94, 567 S.E.2d 857, 860 (2002).

"Rule 15(a), SCRCP, provides that, if more than thirty days have elapsed from the time a responsive pleading is served, a party may amend his pleading only by leave of court or by written consent of the adverse party." *Stanley v. Kirkpatrick*, 357 S.C. 169, 174, 592 S.E.2d 296, 298 (2004). "It is well established that a motion to amend is addressed to the discretion of the trial judge . . . ." *Id.* "[L]eave [should] be freely given when justice so requires and [it] does not prejudice the other party." *Id.* "The prejudice Rule 15 envisions is a lack of notice that the new issue is to be tried and a lack of opportunity to refute it." *Id.*

## Statements by Other Coworkers

Wise argues that the safety director made defamatory statements to Wise's coworker, the plant manager, Wise's supervisor, and a human resources manager. Any arguments regarding the supervisor and human resources manager are not preserved

for our review. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301–02, 641 S.E.2d 903, 907 (2007) (stating, to preserve an issue for appellate review, "[t]he issue must have been (1) raised to and ruled upon by the [circuit] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [circuit] court with sufficient specificity"); *Johnson v. Sonoco Prod. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider."); *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not.").

**Truth as a Defense**

We agree with the circuit court's conclusion that Wise's defamation claim fails as a matter of law because the only alleged defamatory statement with support in the record is true. *See Kunst v. Loree*, 424 S.C. 24, 40, 817 S.E.2d 295, 303 (Ct. App. 2018) ("The truth of the matter is a complete defense to an action based on defamation." (quoting *WeSav Fin. Corp. v. Lingefelt*, 316 S.C. 442, 445, 450 S.E.2d 580, 582 (1994) (per curiam))); *Parrish v. Allison*, 376 S.C. 308, 326, 656 S.E.2d 382, 392 (Ct. App. 2007) ("[T]ruth is an affirmative defense as to which the defendant has the burden of pleading and proof . . . .").

Wise did not raise a genuine factual dispute suggesting the safety director told Wise's coworker that Wise had a sexually transmitted disease. The coworker and safety director are the only two people with personal knowledge of the pertinent conversation. Their testimonies are nearly identical in recounting that the safety director stated only that Wise *had an infection* and was prescribed an antibiotic. The safety director's and plant manager's testimonies similarly align. This statement—that Wise had an infection—was true. Wise's medical records clearly indicate he had an infection, and we are not aware of any evidence provided by Wise that disproves he had an infection. To the contrary, Wise admits he had an infection. *See Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct. App. 2004) ("[T]he opposing party must come forward with specific facts that show there is a genuine issue of [material] fact remaining for trial.").

There is conflicting testimony as to whether the safety director said more to the plant manager. The safety director testified that he told the plant manager that Wise was upset about a comment the emergency room doctor made after examining Wise. The doctor allegedly implied Wise had been "changing sexual partners." The plant manager, however, could not recall the safety director sharing this information. Nonetheless, assuming in the light most favorable to Wise that the safety director said this to the plant manager, the record indicates that statement was also true.

There is no dispute in the record that Wise himself let other employees know that the doctor's comment upset him.

Given that there is no genuine dispute the statement that Wise had an infection—the only alleged defamatory statement supported by the record—was true, we affirm the circuit court's finding that West Fraser had an absolute defense to Wise's defamation claim. *See Fountain v. First Reliance Bank*, 398 S.C. 434, 442, 730 S.E.2d 305, 309 (2012) (finding an absolute defense to defamation when the "literal meaning" of the statement was true and "there [was] no evidence to the contrary"); *cf. Kunst*, 424 S.C. at 41, 817 S.E.2d at 303 ("We find the circuit court correctly denied [the] motion for JNOV because the parties presented conflicting evidence regarding the truth of the statements, which created a question for the jury.").

**Qualified Privilege**

Even if the truth defense did not apply to the safety director's alleged comment about why Wise was upset, the conversation between the safety director and the plant manager would fall squarely within the applicable qualified privilege. *See Fountain*, 398 S.C. at 444, 730 S.E.2d at 310 ("One who publishes defamatory matter concerning another is not liable for the publication if (1) the matter is published upon an occasion that makes it conditionally privileged, and (2) the privilege is not abused."); *id.* ("The essential elements of a conditionally privileged communication may [. . .] be enumerated as good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only." (internal quotations omitted) (quoting *Manley v. Manley*, 291 S.C. 325, 331, 353 S.E.2d 312, 315 (Ct. App. 1987))); *Conwell v. Spur Oil Co. of W. S.C.*, 240 S.C. 170, 179, 125 S.E.2d 270, 275 (1962) ("It appears to be generally recognized that communications between officers and employees of a corporation . . . are qualifiedly privileged if made in good faith and in the usual course of business.").

It is difficult to see how the conversation between the West Fraser safety director and the West Fraser plant manager could not have been in good faith or in the usual course of business. The safety director claims he told the plant manager the same thing he told Wise's coworker—Wise had an infection and was prescribed an antibiotic. The safety director's role at West Fraser is undisputed—he manages workers' compensation issues. There is no dispute that it would be expected and proper for the safety director to report an injured worker's diagnosis to a plant manager following what appeared to be a work-place accident. Again, we acknowledge that the plant manager could not recall whether the safety director told him about the doctor's alleged "sexual partners" comment. Assuming in the light

most favorable to Wise that the safety director did share this information, it only makes sense that the safety director would disclose to the plant manager any issues or grievances that arose during the course of treatment. This is particularly true when Wise, by his own admission, was extremely upset about the alleged comment.

Wise has the burden to prove any alleged abuse of this qualified privilege. *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 484, 514 S.E.2d 126, 134 (1999) ("Where the occasion gives rise to a qualified privilege, . . . the burden is on the plaintiff to show actual malice or that the scope of the privilege has been exceeded."). To do so, Wise relies heavily on the "notes" or "statement" of the human resources manager, asserting that the notes show she overheard the safety director deliver this information to the plant manager. As previously addressed, any arguments regarding the human resources manager, including arguments relying on her notes, are not properly before this court and we cannot consider them.

**Defamation by Innuendo**

Wise also argues that, even if the safety director only went so far as to state that Wise had an infection, such a statement could be construed as defamatory by innuendo.

After a scrupulous review of the record, we find this argument is not preserved for our review. Wise never raised an innuendo argument to the circuit court—he did not file any written arguments opposing summary judgment, nor did he make a defamation by innuendo argument at the summary judgment hearing before the circuit court. *See S.C. Dep't of Transp.*, 372 S.C. at 301–02, 641 S.E.2d at 907 (stating, to preserve an issue for appellate review, "[t]he issue must have been (1) raised to and ruled upon by the [circuit] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [circuit] court with sufficient specificity"). Wise did raise an innuendo argument in his motion to reconsider; however, this does not negate Wise's failure to raise the argument to the circuit court prior to its ruling on summary judgment. *See Johnson*, 381 S.C. at 177, 672 S.E.2d at 570 ("An issue may not be raised for the first time in a motion to reconsider."); *Hickman*, 301 S.C. at 456, 392 S.E.2d at 482 ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not.").

**Leave to Amend**

We agree with the circuit court that Wise's motion to amend was untimely. As the circuit court explained, Wise filed his written motion to amend twenty-seven days before the scheduled trial date, after the case had been pending for nearly two years, and after the summary judgment hearing. More importantly, we agree that "[Wise's]

assertion that the proposed amendment is based on existing evidence and this somehow eliminates the prejudice to West Fraser is unsupported" because "[a]llowing [Wise] to inject a new theory of liability at the eleventh hour after the case ha[d] been pending for approximately [two and a half] years is precisely the type of late notice . . . that is considered unfairly prejudicial." *See Soil & Material Eng'rs, Inc. v. Folly Assocs.*, 293 S.C. 498, 501, 361 S.E.2d 779, 781 (Ct. App. 1987) ("In considering potential prejudice to the opposing party, the court should consider whether the opposing party has had the opportunity to prepare for the issue now being raised formally." (citation omitted)); *Holland ex rel. Knox v. Morbark, Inc.*, 407 S.C. 227, 236, 754 S.E.2d 714, 719 (Ct. App. 2014) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (finding prejudice can result when a proposed amendment is offered shortly before or during trial and raises a new legal theory that would require gathering and analysis of facts not already considered by opposition)).

**Conclusion**

We understand and do not overlook Wise's basic argument that he was subject to rumors and teasing when he returned to work following a brief absence after this incident, and that, in his view, the safety director is the only person who could have set these rumors in motion. However, we do not believe this hypothesis is sufficient to rebut sworn testimony from multiple witnesses with personal knowledge of the conversations in question. *See, e.g.*, *Moody v. McClellan*, 295 S.C. 157, 163–64, 367 S.E.2d 449, 452–53 (Ct. App. 1988) (affirming summary judgment against an employee claiming defamation because the employee-claimant had no personal knowledge of the alleged statements and did not offer any "competent evidence" to rebut the coworker's affidavit denying that he made any of the alleged statements).

We need not address any remaining arguments given the controlling issues outlined above. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling it unnecessary for an appellate court to address remaining issues when its resolution of a prior issue is dispositive). Accordingly, the circuit court's grant of summary judgment in favor of West Fraser and the circuit court's denial of Wise's request to amend his complaint are

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.